Floyd *v.* City of Drew et al.

No. 41860 May 8, 1961 129 So. 2d 340

*Russell D. Moore, III,* Jackson, for appellant.

*Farish, Keady & Campbell,* Greenville, for appellee.

Kyle, J.

This case is before us on appeal by Curtis E. Floyd, claimant, from a judgment of the Circuit Court of Sunflower County affirming an order of the Mississippi Workmen's Compensation Commission denying compensation to the claimant as an employee of the City of Drew for an alleged injury arising out of and in the course of his employment as such employee.

The record shows that the claimant was city marshal of the City of Drew at the time of the alleged injury, which was an elective office; and that the claimant was also employed by the City as water commissioner and street commissioner. He was paid a salary of $75 per month as compensation for services rendered by him as city marshal, and he was paid the sum of $150 per month for services rendered by him as street commissioner, and an additional sum of $150 per month for services rendered by him as water commissioner. The claimant testified that, during the morning of December 4, 1958, while he was at his office at the city hall, he received a telephone call about 8:45 A.M. from the superintendent of the Drew Schools, who stated to him that he had received three reports that a bomb had been planted in the school building and was set to explode at 9:00 A.M. The claimant directed the school superintendent to get all of the children out of the school building and stated to the superintendent that he would be right down, because there was a possibility that the bomb "might go off." The claimant then left the city hall, commandeered an automobile and enlisted the services of two private citizens to go with him to the school building. The claimant and his assistants drove to the school building immediately. They completed the evacuation of the children, and searched the entire building, but found no evidence of

a bomb. At about 9:15 A.M. the three men left the school building in the borrowed automobile to go back to town. The claimant drove the car and on his way back to the city hall the car collided with another car, and the claimant suffered injuries to his neck, shoulder and back muscles. The claimant testified that he had no chest pains on the day of the accident, but he developed chest pains the first day he returned to work and continued to have such pains intermittently until he entered a Jackson hospital on January 19, 1959, and was examined and treated by Dr. Jesse Wofford and Dr. Wm. A. Rosenblatt. The claimant remained in the hospital at Jackson from January 19, 1959, until about the middle of February 1959, and underwent heart surgery by Dr. Wofford. The claimant returned to work for the City of Drew on April 20, 1959; and at the time of the hearing the claimant was still performing his duties as marshal, street commissioner and water commissioner.

The record shows that the claimant had suffered two previous heart attacks; that on April 5, 1955, the claimant had suffered a heart attack and had been treated for that condition for a considerable period of time; and that on August 17, 1957, the claimant had suffered a second heart attack while struggling with a prisoner in the local jail at Drew. It appears, however, that following treatment after the attack of August 17, 1957, the condition of the claimant had improved considerably, until the date of the accident which occurred on December 4, 1958. It was the opinion of all of the medical experts that the excitement of the bomb scare and the wreck which occurred on the same date were aggravating factors which combined with the claimant's prior existing physical condition to bring about the attack which occurred after the bomb scare and the automobile accident. It was the opinion of Dr. Wm. A. Rosenblatt that the claimant had suffered another myocardial infarction during

the month of February 1959 while he was in the Jackson hospital.

The attorney-referee found that, at the time of the accident on December 4, 1958, the claimant was engaged about his duties as town marshal of the City of Drew, and that such employment placed the claimant in the category of an elective official; that it was agreed that the policy of the workmen's compensation insurance in force and effect on December 4, 1958, expressly excluded from its coverage "all elective officials;" and that no premium had been collected by the insurance carrier on the salaries of such "elective officials." The attorney-referee found that the disability for which workmen's compensation was sought in this case was causally related to an accident arising out of and in the course of claimant's performance of his duties as an elective official, and that such employment was not subject to the provisions of the Mississippi Workmen's Compensation Law. The attorney-referee, therefore, denied the claim. The commission by a majority vote affirmed the order of the attorney-referee, and the circuit court, after reviewing the record, affirmed the order of the commission.

The attorney for the appellant has assigned and argued three points as ground for reversal of the judgment of the lower court: (1) That the findings of fact and law by the Workmen's Compensation Commission are manifestly wrong, and that the circuit court erred in affirming the order of the attorney-referee and the commission denying the appellant's claim for compensation; (2) that the commission erred as a matter of law in denying compensation benefits; and (3) that the appellant's activities incident to the duties of his employment as water commissioner and street commissioner, between December 4, 1958, and January 17, 1959, lighted up or aggravated the claimant's existing cardiovascular disease, and

the commission erred as a matter of law in denying compensation benefits for that reason.

 █ We have carefully examined the record in the case, and we think there was no error in the action of the attorney-referee, or the commission, in denying compensation under the facts disclosed by the record. The findings of the attorney-referee and the commission that the appellant's injuries arose out of and in the course of his employment as city marshal, an elective office, is supported by the overwhelming weight of the evidence. We think there is no merit in the contention made by the appellant's attorney that the appellant's disabling heart condition was due to activities connected with his employment as water commissioner and street commissioner.

The judgment of the lower court is therefore affirmed.

Affirmed.

*Lee, P. J.,* and *Arrington, Ethridge* and *Rodgers, JJ.,* concur.